# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In re

MEDSCI DIAGNOSTICS, INC.

Debtor

CASE NO. 10-04961 ESL

Chapter 11

## MOTION FOR EXTENSION
## OF EXCLUSIVITY PERIOD FOR FILING PLAN

TO THE HONORABLE COURT:

COMES NOW Debtor, through the undersigned attorney and respectfully states and prays:

1. Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code on June 6, 2010 and continues operating its business and property as Debtor in Possession.

2. Pursuant to §1121 debtor enjoys exclusivity periods for filing a plan (120 days), and securing acceptances thereto (180 days). Said periods end on October 4, 2010, and December 3, 2010, respectively.

3. Since the commencement of this case, debtor has been trying to obtain injunctive relief directing the State Insurance Fund ("SIF") to comply with a contract which constitutes the estate's most significant asset. A contract which – if duly complied with – will provide sufficient funding for a 100% plan. (See Adv. Proc. No. 10-0094)

4. The SIF is questioning the validity of the contract, and the court has scheduled a hearing to consider said issue on October 25, 2010.

5. Until the issue of the validity of the contract is resolved, and debtor obtains full compliance with its terms, debtor should not present a plan of reorganization. The outcome of the

contract-related issues will dictate wholly different scenarios, demanding equally different plans.

6. Section 1121 permits extensions of the above mentioned exclusivity periods: up to 18 months for plans; and 20 months for acceptances (each term measured from the order for relief).

7. Debtor respectfully submits that the estate is more efficiently administered if the periods are extended as set forth in the cited section 1121.

WHEREFORE, debtor requests that the exclusivity period for filing a plan be extended until 18 months from the order for relief; and that the exclusivity period for acceptances be extended until 20 months from the order for relief.

NOTICE OF RESPONSE TIME –

Within 14 days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise

RESPECTFULLY SUBMITTED

DATED: October 1, 2010

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the participants appearing in said record, including the US Trustee; additionally, on this date, a copy of the application was served on the US Trustee at Ochoa Bldg, 500 Tanca St, Suite 301, Old San Juan PR 00901.

EDGARDO MUÑOZ, PSC
PO Box 360971
San Juan, PR 00936-0971
Tel. (787) 524-3888
Fax (787) 524-3888

**s/ EDGARDO MUÑOZ**
 USDC NO. 125713
emunoz@emunoz.net